CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
04/01/2026
LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA )
                                   )    Criminal No. 5:14-CR-00021

v.                                  )

                                   )    By: Michael F. Urbanski

TYLER CHRISTIAN CLEMENTS,    )    Senior United States District Judge
Defendant-Petitioner            )

## MEMORANDUM OPINION

This matter comes before the court on Tyler Christian Clements' pro se motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for "compassionate release." ECF No. 64. The Federal Public Defender filed a supplemental memorandum on Clements' behalf, ECF No. 72, and the government filed a brief in opposition. ECF No. 73. As discussed more fully below, the court **DENIES** Clements' motion.

### I. Background

On May 21, 2014, Clements entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to lesser included offenses of Counts 1 and 2 of an Information. Plea Agreement, ECF No. 29. On Count 1, he pled guilty to distribution of heroin to D.L.S., in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On Count 2, he pled guilty to distribution of heroin to S.D.C., also in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). By entering into the plea agreement, Clements avoided being tried on counts of distributing heroin that resulted in death and serious bodily injury to D.L.S. and S.D.C. Presentence Investigation Report (PSR), ECF No. 49 ¶ 46. The parties agreed to a sentencing range of 216 to 327 months. Plea Agreement, ECF No. 29 at 3. On October 28, 2014, Clements was sentenced to a term of 264 months to

be followed by a 5-year term of supervised release. J., ECF No. 47. Clements currently is incarcerated at Federal Correctional Institution (FCI) Lewisburg and has an expected release date of December 27, 2031.[1]

Clements initially sought a sentence reduction based on his claim that he was not receiving "First Step Act credits" to which he is entitled. Mot., ECF No. 64. However, the parties agree that Clements' sentence is now being properly calculated with the time credit he has earned. Clements next argues that if he were sentenced today, his sentence would be half as long as the sentence imposed by the court in 2014 and he claims that this purported sentencing disparity is an extraordinary and compelling reason for a sentence reduction. In addition, he argues that his rehabilitation efforts, when considered with his other grounds for a sentence reduction, warrant compassionate release. The government counters that Clements' claim is moot because his sentence has been credited with the First Step Act (FSA) credits he seeks; that this motion for a sentence reduction is not the proper means for Clements to obtain the relief he seeks; that his motion for a sentence reduction is unexhausted; and that his efforts at rehabilitation do not present an extraordinary and compelling reason for a sentence reduction. Resp., ECF No. 73.

## II. Analysis

### A. Claim Based on First Step Act Credits

The FSA, signed into law in 2018, "established a system of mandatory time credits for incarcerated individuals who participate in recidivism reduction programming, with limited exceptions." Valladares v. Ray, 130 F.4th 74, 77 (4th Cir. 2025). Relevant to Clements' claim,

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last viewed Mar. 25, 2026).

2

the FSA, signed into law in December 2018, provides that prisoners, except for those excluded by the nature of their offense, who successfully complete evidence-based recidivism reduction programming or productive activities, shall earn ten days of credit for every thirty days of participation in programming, and those who are at minimum or low risk for recidivating shall earn an additional five days of credit for every thirty days of successful participation in programming. 18 U.S.C. § 3632(d)(4)(A).

Clements, who is considered at low risk for recidivism, correctly argued that he was entitled to the mandatory time credits and that the credits were being wrongfully withheld. After he filed his motion for a sentence reduction, his sentence was adjusted such that it has now been reduced by the amount of FSA credits to which he was entitled. See Suppl. Resp., ECF No. 72 at 1; 72-1 at 9. Accordingly, his claim for a sentence reduction based on the First Step Act credits is **DENIED as moot.**

The government further argues that Clements' assertion that his sentence is not being calculated properly should have been brought via a motion for habeas relief under 28 U.S.C. § 2241 rather than a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court agrees. It is well-established that the appropriate vehicle for a petitioner to challenge the execution of his sentences is a petition for habeas corpus under 28 U.S.C. § 2241 rather than a motion for compassionate release. See United States v. Wright, No. ELH-08-0381, 2025 WL 1677005, at *15 (D. Md. June 13, 2025) (collecting cases). See also Valladares, 130 F.4th at 80 (noting that prisoner successfully challenged denial of FSA credits via 28 U.S.C. § 2244 habeas petition). For this reason, even if Clements' motion were not denied as moot, it would be subject to dismissal without prejudice.

3

### B. Claim Based on Length of Sentence

Clements also argues that if he were sentenced today after passage of the FSA, that his sentence would likely be 106.2 months and that the difference in the sentence he received in 2014 and the sentence he would receive today is a gross disparity that warrants a sentence reduction. However, this claim is without merit.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Clements's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

4

## A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

The government provided a copy of a request for compassionate release that Clements submitted to the warden of FCI Beckley in 2020, when he was incarcerated there. The basis for his motion was that he was at increased risk for developing complications from being exposed to COVID-19. ECF No. 73-3 at 3–4. Clements' request was denied on July 9, 2020. Id. at 1–2. The government concedes that under United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022), a defendant is not required to limit his motion for compassionate release in the district court to only those grounds he identified in his request to the Bureau of Prisons (BOP). Nevertheless, the government argues that Clements' five-year-old request for compassionate release based on COVID-19 is insufficient to exhaust his claim that if sentenced today, he would be entitled to a much shorter sentence. However, the court need not resolve this issue because it is clear that Clements is not entitled to relief on the merits of his claim.

## B. Merits

Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. §

5

3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

Clements argues that he is entitled to relief under § 1B1.13(b)(6), which provides that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG §§ 1B1.13(b)(6). Clements has served more than 10 years of his sentence and therefore meets the first criterion. However, his claim that a change in the law would result in a gross disparity between the sentence he currently is serving and the sentence he would receive today is based on a misreading of the law.

Clements claims that if he had been sentenced after passage of the FSA in December 2018, his sentence of 264 months would be greatly reduced, based on the FSA sentencing credits. Clements calculates that his 264-month sentence would be reduced by fifteen percent based on good conduct time credits to 224.40 months, by an additional twelve months because

6

of his participation in the Residential Drug Abuse Program (RDAP) to 212.40 months, and then by half to account for the FSA credits, to 106.2 months. Mot., ECF No. 64 at 9–10. This calculation results from an incorrect premise. If Clements were sentenced today, he would be subject to the same sentence as that assessed in 2014, based on his two convictions for distribution of heroin. Neither the statute of conviction nor his guidelines sentence calculation has changed. Rather, the only change in the law relevant to Clements is his ability to earn credits for successful completion of evidence-based recidivism reduction programming under 18 U.S.C. § 3632, and that statute is now being applied correctly to his sentence.[2]

Nor is Clements entitled to a sentence reduction based on his efforts at rehabilitation. The policy statement sets forth the following:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

USSG § 1B1.13(d). Clements is housed at a prison camp, which is the lowest security classification in the BOP. He works as a sanitation inspector with little to no staff supervision and is allowed to leave the camp to perform his job duties. His disciplinary record, while not perfect, is notable for his having had no violent disciplinary incidents and because he has not had a disciplinary infraction since April 1, 2019. Nevertheless, despite Clements' impressive

---

[2] Clements also is entitled to earn up to fifteen percent off the length of his sentence for good conduct and twelve months for his participation in the RDAP program. These incentives are not new and are being applied to Clements' sentence. See Sent. Monitoring Comp. Data, ECF No. 72-1 at 3, 5.

efforts at rehabilitation, because he has not set forth any other circumstances warranting a sentence reduction, the court cannot reduce his sentence based solely on his rehabilitation.

As Clements has not demonstrated circumstances showing an extraordinary and compelling reason for compassionate release, his motion for a sentence reduction is DENIED.[3]

### III. Conclusion

For the reasons stated herein, the court **DENIES** Clements' motion for a sentence reduction, ECF No. 64. To the extent his motion is based on the application of FSA credits to his sentence, it is **DENIED as moot**. His motion for a sentence reduction based on a change in the law or on his rehabilitation is **DENIED on the merits**.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: *Apr 1-1, 2026*

Michael F. Urbanski
Senior United States District Judge

---

[3] Because the court determined that Clements has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")